2007 -5 A 11:55
HENRY S. KINCH JR., CLERK
FILED
SUPERIOR COURT

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

DULCE DELGADO, as Administrator of the THE ESTATE OF JASON C. GONCALVES, and ROSA BERROA, as Mother and Next Friend of JAYON XAVIER GONCALVES and JAYLEON BERROA,

Plaintiffs,

v.

PAWTUCKET POLICE DEPARTMENT, CITY OF PAWTUCKET, by and through its Finance Director RONALD WUNSCHEL, RICHARD LaFOREST in his official capacity, CHRISTOPHER R. LOMBARDI in his official capacity, and GEORGE L. KELLEY III in his official capacity,

Defendants.

C.A. No.: PC 07-5891

## COMPLAINT

### Parties and Jurisdiction

1. The Estate of Jason C. Goncalves, ("Goncalves") by and through its administrator, Dulce Delgado, brings this action pursuant to R.I.G.L. § 10-7-1 et seq. and on behalf of deceased Jason C. Goncalves, who was at all times material hereto, a resident of the City of Pawtucket, County of Providence, State of Rhode Island.

2. Plaintiffs Jayon Xavier Goncalves and Jayleon Berroa are minors who bring this action through their mother and next friend, Rosa Berroa, and are the children of deceased Jason C. Goncalves.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

4. Upon information and belief, at all times relevant hereto, Defendant Richard Laforest ("Defendant Laforest") was a police officer employed by the City of

Pawtucket Police Department, and was acting in such capacity as the agent, servant, and employee of Defendant City of Pawtucket.

5. Upon information and belief, at all times relevant hereto, Defendant Christopher R. Lombardi ("Defendant Lombardi") was a police officer employed by the City of Pawtucket Police Department, was acting in such capacity as the agent, servant, and employee of Defendant City of Pawtucket.

6. Upon information and belief, at all times relevant hereto, Defendant George L. Kelley III ("Defendant Kelley") was the duly appointed Chief of the Pawtucket Police Department, and was acting in that capacity.

7. While serving in the capacity referenced above, Defendant Kelley was the commanding officer of Defendants Laforest and Lombardi and was responsible for their training, supervision, and conduct and was also responsible by law for enforcing the regulations of the Pawtucket Police Department and for ensuring that Pawtucket Police personnel obey the laws of the State of Rhode Island and of the United States. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the City of Pawtucket.

8. Upon information and belief, Defendant Pawtucket Police Department ("Defendant Pawtucket P.D.") is the primary law enforcement agency of the City of Pawtucket, State of Rhode Island.

9. Defendant City of Pawtucket ("Defendant Pawtucket") is a municipal corporation within the State of Rhode Island and at all material times, it employed Defendants Laforest, Lombardi, and Kelley, and this action is brought against Defendant

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

City of Pawtucket through its Finance Director Ronald Wunschel, pursuant to R.I.G.L § 45-15-1.

10. At all times relevant hereto and in all their actions described herein Defendants Laforest, Lombardi and Kelley were acting under color of law and pursuant to their authority as police personnel.

11. Prior to the institution of the within action against Defendant City of Pawtucket, Plaintiffs complied with R.I. Gen. Laws § 45-15-5 and forty (40) days have elapsed since Plaintiffs made presentment of their claims to the Pawtucket City Council.

12. Plaintiffs enjoy no other adequate state remedies.

13. The amount in controversy is sufficient to establish jurisdiction of this Honorable Court.

**Facts**

14. Plaintiffs repeat, reallege and incorporate by reference herein each and every allegation herein pleaded.

13. On or about August 12, 2005, Goncalves was a passenger in a motor vehicle operated by Josimar Pereira ("Pereira").

14. On or about August 12, 2005, Defendants Laforest and Lombardi, while on duty and operating their police motor vehicle, attempted to stop the motor vehicle driven by Pereira and occupied by Goncalves.

15. At the time Defendants Laforest and Lombardi attempted to stop Pereira's vehicle, they had an inadequate and/or no basis to believe that Goncalves or Pereira committed any violation or crime.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

16. Pereira failed to stop the motor vehicle he was operating and a high-speed chase (the "High-Speed Chase") ensued through the streets of Pawtucket, Rhode Island at speeds well over twice the posted limits.

17. Despite such dangerous and reckless speeds, Defendants Laforest and Lombardi continued the High-Speed Chase.

18. No emergency existed to justify the initiation and/or the continuation of the High-Speed Chase.

19. Institution and continuation of the High-Speed Chase was in violation of Pawtucket Police Policy 430.05.

20. Pereira's vehicle traveled through the intersection of Main Street and Comstock Street and struck another vehicle.

21. Goncalves was transported to Rhode Island Hospital where he later died.

**COUNT I**
**Deprivation of Rights Under 42 U.S.C. § 1983; Liberty Interest**

22. Plaintiffs repeat, reallege and incorporate by reference herein each and every allegation herein pleaded.

23. Goncalves enjoyed a constitutional liberty interest to be free from bodily injury.

24. Defendants Laforest and Lombardi's actions in initiating and continuing the High-Speed Chase were in reckless disregard and/or callous indifference to Goncalves' constitutional rights.

25. Defendants Laforest and Lombardi knew or should have known that their conduct was likely to deprive Goncalves of his constitutionally protected liberty interest.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

26. As a direct and proximate result of Defendants actions, Goncalves was deprived of his constitutional liberty interest to be free from bodily injury.

27. The Estate of Jason C. Goncalves is entitled to damages, including, but not limited to attorney's fees, costs and damages pursuant to R.I.G.L. § 10-7-1 et seq.

28. The above-stated actions, and/or inactions, and/or failure to act, by Defendants were of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

29. Defendants' conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

**<u>COUNT II</u>**
**<u>Deprivation of Rights Under 42 U.S.C. § 1983; Failure to Train</u>**

30. Plaintiffs repeat, reallege and incorporate by reference herein each and every allegation herein pleaded.

31. Defendants Pawtucket, Pawtucket P.D., and Kelley failed to train Defendants Laforest and Lombardi with respect to Pawtucket Police Policy 430.05

32. Defendants Laforest and Lombardi's violation of Pawtucket Police Policy 430.05 was the result of Defendants Pawtucket, Pawtucket P.D., and Kelley's failure to train.

33. Said failure to train deprived Goncalves of his constitutionally protected liberty interest to be free from bodily harm.

34. Defendants Pawtucket, Pawtucket P.D., and Kelley's failure to train Defendants Laforest and Lombardi amounted to a deliberate indifference to the constitutional rights of Goncalves.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

35. As a result of Defendants Pawtucket, Pawtucket P.D., and Kelley's failure to train, Plaintiffs have suffered severe and substantial damages.

36. The Estate of Jason C. Goncalves is entitled to damages, including, but not limited to attorney's fees, costs and damages pursuant to R.I.G.L. § 10-7-1 et seq.

37. The above-stated actions, and/or inactions, and/or failure to act, by Defendants were of such malice, wantonness and/or willfulness and of such an extreme nature, which for the good of society and as a warning to individuals ought to be punished by an award of punitive damages to Plaintiff.

38. Defendants' conduct requires deterrence and punishment over and above that provided by an award of compensatory damages to Plaintiff.

**COUNT III**
**Negligence**

39. Plaintiffs repeat, reallege and incorporate by reference herein each and every allegation herein pleaded.

40. No emergency existed at the time when Defendants Laforest and Lombardi initiated and continued the High-Speed Chase.

41. As a result, Defendants Laforest and Lombardi owed a duty of reasonable care.

42. Defendants Laforest and Lombardi breached their duty of care by, among other misconduct, negligently initiating and continuing the High-Speed Chase.

43. Pawtucket Police Officers owe a duty to obey the Pawtucket Police Policy.

44. Pursuant to Pawtucket Police Policy 430.05, police officers are permitted to engage in high-speed pursuits only in situations that involve the attempted

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

apprehension of persons wanted for the commission of felonious and/or misdemeanor acts that threaten, have threatened, or will threaten the health, life or safety of a person or persons; or when the motor vehicle operator has committed a moving motor vehicle violation which has endangered the lives and safety of others, and was operating in a reckless manner before the pursuit was initiated, and is continuing to operate in a manner that recklessly endangers the lives and safety of others including, but not limited to, driving under the influence of liquor or drugs.

45. Defendants Laforest and Lombardi breached their duty by, among other misconduct, violating Pawtucket Police Policy 430.5 by, among other reasons, engaging in the High-Speed Chase when none of the required situations above were present.

46. Pursuant to Pawtucket Police Policy 430.05, Defendants owed a duty to Goncalves to assess the potential advantage to law enforcement of apprehending the fleeing vehicle versus the potential danger to Goncalves.

47. Defendants Laforest and Lombardi breached their duty by, among other misconduct, engaging in the High-Speed Chase when Goncalves and Defendant Perierra when no emergency existed to justify the initiation and/or the continuation of the High-Speed Chase.

48. As a direct and proximate result of Defendants Laforest and Lombardi's breach, Plaintiffs have suffered and continue to suffer severe and substantial damages.

49. The Estate of Jason C. Goncalves is entitled to damages, including, but not limited to attorney's fees, costs and damages pursuant to R.I.G.L. § 10-7-1 et seq.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT IV**
**Reckless Disregard for the Safety of Plaintiff and Others**

50. Plaintiffs repeat, reallege and incorporate by reference herein each and every allegation herein pleaded.

51. Pursuant to R.I.G.L. § 31-12-9, Defendants Laforest and Lombardi owed Plaintiffs a duty to drive with due regard for their safety and the safety of all persons.

52. Defendants Laforest and Lombardi breached their duty for reasons including, but not limited to (1) initiating a High-Speed chase without reasonable belief that Goncalves or Defendant Pereira committed any violation or crime, (2) continuing pursuit of Goncalves and Defendant Pereira in absence of any emergency that would require such pursuit, and (3) continuing pursuit of Goncalves and Defendant Pereira in violation of Pawtucket Police Policy 430.05.

53. Said breach created an unreasonable risk of physical harm to Goncalves and other persons.

54. Said breach was a direct and proximate cause of Goncalves's wrongful death.

55. As a direct and proximate cause of Defendants Laforest and Lombardi's reckless disregard, Plaintiffs suffered severe and substantial damages.

56. The Estate of Jason C. Goncalves is entitled to damages, including, but not limited to attorney's fees, costs and damages pursuant to R.I.G.L. § 10-7-1 et seq.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## COUNT V
## Loss of Parental Society and Companionship

57. Plaintiffs repeat, reallege and incorporate by reference herein each and every allegation herein pleaded.

58. As a direct and proximate result of Defendants' actions, Plaintiffs Jayon Xavier Goncalves and Jayleon Berroa sustained damages including loss of parental society and companionship of Goncalves.

59. Plaintiffs Jayon Xavier Goncalves and Jayleon Berroa are entitled to recover for said loss of parental society and companionship pursuant to R.I.G.L. § 10-7-1.2.

WHEREFORE, Plaintiffs pray for judgment against Defendants jointly and severally, as follows:

1. Monetary damages and compensatory damages for any and all injuries sustained by Plaintiffs;

2. Punitive damages against Defendants;

3. Damages pursuant to R.I.G.L. § 10-7-1 et seq.;

4. Any and all equitable relief deemed meet and just by this Honorable Court;

5. Such alternative or additional relief as this Court deems just and proper;

6. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and pre-judgment and post-judgment interest as allowed by law.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL**

A true copy attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Plaintiffs,
By their Attorneys,

Jeffrey D. Sowa, Esq./ #5764
Michael J. Jacobs, Esq./#7480
LaPlante Sowa Goldman
67 Cedar Street,
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-0250 (facsimile)

Dated: 11/1/2007

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Rhode Island