UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DULCE DELGADO, as Administrator of THE ESTATE OF JASON C. GONCALVES, and ROSA BERROA, as Mother and Next Friend of JAYON XAVIER GONCALVES and JAYLEON BERROA, | : | |
| Plaintiffs, | : | C.A. No.: 08-70ML |
| v. | : | |
| PAWTUCKET POLICE DEPARTMENT, CITY OF PAWTUCKET, by and through its Finance Director RONALD WUNSCHEL, RICHARD LaFOREST in his official capacity, CHRISTOPHER R. LOMBARDI in his official capacity, and GEORGE L. KELLEY III in his official capacity, | : | |
| Defendants. | : | |

## PLAINTIFFS' STATEMENT OF FACTS AND LEGAL ISSUES

Plaintiffs Dulce Delgado, as Administrator of the Estate of Jason C. Goncalves, Rosa Berroa, as mother and next friend of Jayon Xavier Goncalves and Jayleon Berroa (collectively "Plaintiffs"), pursuant to this Court's Notice dated April 29, 2008 (Docket No. 14), hereby file their Statement of Facts and Legal Issues.

### Facts

This case arises out of a high speed police pursuit that ultimately resulted in the untimely death of twenty-one (21) year old Jason Goncalves ("Mr. Goncalves"). On or about August 12, 2005, Mr. Goncalves was a passenger in a motor vehicle operated by Josimar Pereira ("Pereira"). These individuals were traveling to the Providence Place Mall when Pawtucket Police officers, Richard LaForest and Christopher R. Lombardi (the "Officers"), attempted to stop their vehicle. The Officers allege they were attempting to investigate a car that matched the description of a

vehicle used in previous robberies; however, neither Mr. Goncalves nor Mr. Pereira matched the description of the robbery suspects.

Pereira failed to stop his vehicle and the Officers gave chase exceeding speeds well over twice the posted limits. The high-speed pursuit continued through the streets of Pawtucket during rush hour on a Friday afternoon until Pereira's vehicle collided with another vehicle. Mr. Goncalves was rushed to Rhode Island Hospital where he was declared dead.

At times material hereto, the Officers and the Pawtucket Police Department were required to obey the Pawtucket Police Department's High-Speed Pursuit Policy (Pawtucket Police Policy 430.05).

**Legal Issues**

The Plaintiffs have asserted claims on behalf of the Estate of Mr. Goncalves for the deprivation of his rights under 42 U.S.C. § 1983; claims sounding in negligence and the reckless disregard for the safety of Mr. Goncalves (R.I.G.L. § 31-12-9); and claims on behalf of Jayon Xavier Goncalves and Jayleon Berroa for the loss of parental society and companionship.

Mr. Goncalves enjoyed a constitutional liberty interest to be free from bodily injury. The Officers actions in initiating the pursuit without a reasonable suspicion of illegal activity and continuing the high-speed chase in direct violation of the Pawtucket Police policies deprived Mr. Goncalves of his constitutional liberty interest.

Additionally, the City of Pawtucket, the Pawtucket Police Department, and George Kelley, in his capacity as the Chief of the Pawtucket Police Department, failed to properly train the Officers with respect to the Pawtucket Police Department's High-Speed Pursuit Policy. As a result, the Officers failed to obey such policy and deprived Mr. Goncalves of his constitutional liberty interest to be free from bodily injury. See City of Canton, Ohio v. Harris et. al., 489 U.S. 378, 385 (A municipality may be held liable under 42 U.S.C. § 1983 for failure to properly train its employees.)

The defendants in this Action are also liable as a result of their negligence and reckless disregard for the safety of Mr. Goncalves. A high-speed pursuit should be undertaken only after consideration is given to particular factors enumerated in the Pawtucket High-Speed Pursuit Policy. The defendants owed a duty of reasonable care under these circumstances and a duty to drive with due regard for the safety of all persons pursuant to R.I.G.L. § 31-12-9. The defendants breached their duty by negligently and/or recklessly initiating and continuing the high-speed pursuit.

The defendants assert the affirmative defenses of qualified immunity, immunity under the Public Duty Doctrine and the Statutory Cap. Issues exist however, concerning whether these defenses apply and if so, whether the defendants' conduct violated "clearly established" statutory and/or constitutional rights and whether the "egregious conduct" exception also applies. Lastly, the defendants claim that Mr. Goncalves injuries were caused by parties that they were not responsible for, namely Mr. Pereira.

Respectfully submitted,
Plaintiffs,
By their Attorneys,

/s/ *Jeffrey D. Sowa*
Jeffrey D. Sowa, Esquire #5764
Michael J. Jacobs, Esquire #7480
**LaPlante Sowa Goldman**
West Exchange Center
67 Cedar Street
Providence, RI 02903
(401) 273-0200 (telephone)
(401) 273-0250 (facsimile)
jsowa@lsglaw.com

**CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 15th day of May, 2008, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

Marc DeSisto, Esquire
**DeSisto Law**
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
**marc@desistolaw.com**

/s/ *Jeffrey D. Sowa*